UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X

BCM DEVELOPMENT, LLC,

                              Plaintiff,

- against -

PETER OPRANDY as trustee of THE OPRANDY
TRUST, and THE OPRANDY TRUST,

                              Defendants.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X

**ECF CASE**

**Index No. 08 Civ. 9050 (CS)**

**ANSWER AND
COUNTERCLAIMS**

      Defendants, Peter Oprandy, as Trustee of The Oprandy Trust, and The Oprandy Trust, by and through their attorneys, Bleakley, Platt & Schmidt, LLP, as an for their answer and counterclaims to the complaint herein, assert as follows:

## SUMMARY OF THE ACTION

      1.      Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 1, except respectfully refer the Court to the contents of the contract executed by the parties on or about October 16, 2001 for the terms and contents thereof.

      2.      Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 2, except respectfully refer the Court to the amendments to the contract referenced therein for the terms and contents thereof.

      3.      Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 3, except respectfully refer the Court to the amendments to the contract referenced therein for the terms and contents thereof.

      4.      Deny each and every allegation contained in paragraph 4.

5. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 5, except respectfully refer the Court to the rider to the original contract executed by the parties on or about October 16, 2001 for the terms and contents thereof.

6. Deny each and every allegation contained in paragraph 6, except admit there was a final outside closing date of September 15, 2008.

7. Deny each and every allegation contained in paragraph 7.

8. Deny each and every allegation contained in paragraph 8.

9. Deny each and every allegation contained in paragraph 9.

## PARTIES/JURISDICTION/VENUE

1. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 1, but aver, upon information and belief, that plaintiff's registration as a Limited Liability Corporation was revoked by the New Jersey Division of Revenue on or about April 6, 2005 for failure to file annual reports for two (2) consecutive years and plaintiff is neither authorized to do business in this jurisdiction nor maintain this action.

2. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 2, except admit that defendant Peter Oprandy has an address of 1229 Stonegate Way, Crozet, VA 22932.

3. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 3, except admit that plaintiff purports to assert venue for the reasons stated therein.

4. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 4, except admit that plaintiff purports to assert the jurisdictional amount in controversy.

5. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 5, except admit that plaintiff purports to invoke diversity jurisdiction under the statutory authority stated therein.

## FACTS

1. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 1, except respectfully refer the Court to the contract executed by the parties on or about October 16, 2001 for the terms and contents thereof, a copy of which purports to be attached to the complaint as **Ex. A**.

2. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 2, except respectfully refer the Court to the first amendment to the contract referenced therein for the terms and contents thereof, a partial copy of which purports to be attached to the complaint as **Ex. B**.

3. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 3, except respectfully refer the Court to the first amendment to the contract referenced therein for the terms and contents thereof, a partial copy of which purports to be attached to the complaint as **Ex. B**.

4. Deny each and every allegation contained in paragraph 4, except respectfully refer the Court to the second amendment to the contract referenced therein for the terms and contents thereof, a copy of which purports to be attached to the complaint as **Ex. C**.

5. Deny each and every allegation contained in paragraph 5, except respectfully refer the Court to the third amendment to the contract referenced therein for the terms and contents thereof, a copy of which purports to be attached to the complaint as **Ex. D**.

6. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 6, except respectfully refer the Court to the fourth amendment to the contract referenced therein for the terms and contents thereof, a copy of which purports to be attached to the complaint as **Ex. E**.

7. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 7, except respectfully refer the Court to the fifth amendment to the contract referenced therein for the terms and contents thereof, a copy of which purports to be attached to the complaint as **Ex. F**.

8. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 8, except respectfully refer the Court to the sixth amendment to the contract referenced therein for the terms and contents thereof, a copy of which purports to be attached to the complaint as **Ex. G**.

9. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 9, except respectfully refer the Court to the seventh amendment to the contract referenced therein for the terms and contents thereof, a copy of which purports to be attached to the complaint as **Ex. H**.

10. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 10, except respectfully refer the Court to the eighth amendment to the contract referenced therein for the terms and contents thereof, a copy of which purports to be attached to the complaint as **Ex. I**.

11. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 11, except respectfully refer the Court to the eighth amendment to the contract referenced therein for the terms and contents thereof, a copy of which purports to be attached to the complaint as **Ex. I**.

12. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 12, except respectfully refer the Court to the contract referenced therein for the terms and contents thereof, a copy of which purports to be attached to the complaint as **Ex. A**.

13. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 13.

14. Deny each and every allegation contained in paragraph 14.

15. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 15, except respectfully refer the Court to Paragraph 5 of the Rider to the original contract referenced therein for the terms and contents thereof, a copy of which purports to be attached to the complaint as **Ex. J**.

16. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 16, except respectfully refer the Court to the September 4, 2008 letter referenced therein for the terms and contents thereof, a copy of which purports to be attached to the complaint as **Ex. K**.

17. Admit the allegations contained in paragraph 17.

18. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 18, except respectfully refer the Court to clause 24 of the contract referenced therein for the terms and contents thereof.

## ANSWERING THE FIRST CLAIM FOR RELIEF

1. Repeat and reallege their response to each and every allegation set forth above with the same force and effect as though set forth more fully at length herein.

2. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 2, except admit that defendants received the sum of $180,000 paid by plaintiff.

3. Deny each and every allegation contained in paragraph 3.

4. Deny each and every allegation contained in paragraph 4.

5. Deny each and every allegation contained in paragraph 5.

## ANSWERING THE SECOND CLAIM FOR RELIEF

1. Repeat and reallege their response to each and every allegation set forth above with the same force and effect as though set forth more fully at length herein.

2. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 2, except admit that defendants received the sum of $170,000 from plaintiff.

3. Deny each and every allegation contained in paragraph 3.

4. Deny each and every allegation contained in paragraph 4.

## ANSWERING THE THIRD CLAIM FOR RELIEF

1. Repeat and reallege their response to each and every allegation set forth above with the same force and effect as though set forth more fully at length herein.

2. Deny each and every allegation contained in paragraph 2.

3. Deny each and every allegation contained in paragraph 3.

## ANSWERING THE FOURTH CLAIM FOR RELIEF

1. Repeat and reallege their response to each and every allegation set forth above with the same force and effect as though set forth more fully at length herein.

2. Deny each and every allegation contained in paragraph 2.

## ANSWERING THE FIFTH CLAIM FOR RELIEF

1. Repeat and reallege their response to each and every allegation set forth above with the same force and effect as though set forth more fully at length herein.

2. Deny each and every allegation contained in paragraph 2.

3. Deny each and every allegation contained in paragraph 3.

## ANSWERING THE SIXTH CLAIM FOR RELIEF

1. Repeat and reallege their response to each and every allegation set forth above with the same force and effect as though set forth more fully at length herein.

2. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 2.

3. Deny each and every allegation contained in paragraph 3.

## ANSWERING THE SEVENTH CLAIM FOR RELIEF

1. Repeat and reallege their response to each and every allegation set forth above with the same force and effect as though set forth more fully at length herein.

2. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 2.

3. Deny each and every allegation contained in paragraph 3.

4. Deny each and every allegation contained in paragraph 4.

## ANSWERING THE EIGHTH CLAIM FOR RELIEF

1. Repeat and reallege their response to each and every allegation set forth above with the same force and effect as though set forth more fully at length herein.

2. Deny each and every allegation contained in paragraph 2.

3. Deny each and every allegation contained in paragraph 3.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Plaintiff fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's action is barred by the doctrine of estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Plaintiff has suffered no compensable injury.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's action is barred by the doctrine of waiver.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff comes to the Court with unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff lacks the capacity to sue in this jurisdiction.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff lacks standing to sue.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff has failed to plead its claims with sufficient particularity.

## AS AND FOR A FIRST COUNTERCLAIM
(Breach of Contract)

1. Defendants, Peter Oprandy, as Trustee of The Oprandy Trust, and The Oprandy Trust, entered into a Contract (the "Contract") for the purchase by plaintiff and sale by defendants of certain real property on or about October 16, 2001. A copy of the Contract is attached to the complaint as Ex. A and the Rider thereto is attached as **Ex. J**.

2. Under the terms of the Contract and Rider, a closing on the real property was contingent upon the purchaser obtaining both the preliminary and final subdivision approval for a minimum of forty-five (45) single family residential lots, or such lesser number that purchaser might accept.

3. Pursuant to the Contract and Rider, the closing on the transaction was to take place on or about sixty (60) days after final approvals.

4. Beginning on or about June 20, 2003 and continuously through the period ending September 30, 2008, defendant-sellers and plaintiff-purchaser entered into a series of eight amendments to the Contract whereby plaintiff was granted extensions of its obligations to either obtain the development approvals as provided in the Contract or close the transaction. These various agreements are attached to the complaint as **Exs. B through I**.

5. At all times it was understood by the parties, and explicitly stated in all but the second and third amendments referenced above, that purchaser would pay for the various extensions granted, either according to dates set forth in the agreements or at closing. To date, plaintiff-purchaser has paid approximately $544,400 in agreed upon extension fees and owes approximately $283,800 pursuant to the agreements it entered into.

9

6. Pursuant to paragraph 5 of the Rider, it was agreed that: "In the event of a moratorium, any period in which the applicant cannot proceed because of the moratorium will not count toward and period provided for herein."

7. The only moratorium which was ever enacted during the period of the Contract, as amended, which might have prevented plaintiff-purchaser from proceeding with the approval process commenced on January 1, 2001 and ended in January 2002. Plaintiff was at all relevant times aware of this moratorium and its beginning and ending dates. Further, during the relevant period, plaintiff-purchaser never invoked the moratorium provision, nor asked for the return of any fees paid or reduction in fees to be paid under the various amendments to the Contract.

8. By letter dated September 5, 2008, counsel for defendants confirmed to plaintiff that pursuant to the eighth and final amendment to the Contract, a closing was scheduled for September 15, 2008 at his office and noted that time was of the essence.

9. By letter dated September 12, 2008, counsel for defendants again sent a letter to plaintiff by facsimile and regular mail confirming that the closing was scheduled for September 15, 2008 and enclosing a closing statement.

10. No representative of plaintiff appeared for the scheduled closing on September 15, 2008, at which time defendants were ready, willing and able to close. By letter dated September 19, 2008, counsel for defendants advised counsel for plaintiff that defendants considered plaintiff to be in default on the contract.

11. Plaintiff has defaulted on the Contract and remains in material breach thereof.

## AS AND FOR A SECOND COUNTERCLAIM
### (Declaratory Judgment; Federal Rule 57; 28 U.S.C. §2201)

12. Defendants repeat and reallege the allegations contained in paragraphs 1 through 11 of the First Counterclaim with the same force and effect as though set forth more fully herein.

13. Defendants have satisfied all material obligations under the Contract and Rider as amended, and plaintiff remains in material default thereunder.

14. Despite due demand, plaintiff refuses to honor its obligation to close the transaction as provided in the Contract.

15. There exists an actual, genuine and justiciable controversy between plaintiff and defendants within the jurisdiction of this Court involving the rights of the parties arising from the material breach of the Contract, as amended, entered into by the parties, all of which might be resolved by a determination of the Court pursuant to Federal Rule 57 and 28 U.S.C. § 2201.

16. The declaration sought by this Counterclaim is essential to completely and finally resolve the entire controversy between the parties because a declaration as to the legality and validity of the Contract, as amended, and plaintiff's material breach thereof, may release defendants from any obligations thereunder, entitle them to retain all monies received pursuant to its terms, and declare that the Contract is terminated.

## AS AND FOR A THIRD COUNTERCLAIM
### (Specific Performance)

17. Defendants repeat and reallege the allegations contained in paragraphs 1 through 16 of the First and Second Counterclaims with the same force and effect as though set forth more fully herein.

18. Under the terms of the Contract, as amended, a final outside closing date of September 15, 2008 was agreed upon.

19. At the time and place for closing of the Contract, defendants were ready, willing and able to fulfill and perform all of their obligations under the Contract in all respects.

20. Plaintiff knowingly and wilfully failed to attend the closing or fulfill its obligations under the Contract or tender the balance of the purchase money due under the Contract.

21. Upon information and belief, final conditional approval for the development of the real property within the meaning of the Contract, as amended, was granted on or about November 21, 2008 giving plaintiff the potential to extend that approval for an additional six (6) months, or until on or about November 21, 2009.

22. The property that is the subject of the written Contract, as amended, is unique and of particular and irreplaceable value to the defendants.

23. Unless this Court orders the plaintiff to specifically perform according to the terms of the written Contract, as amended, defendants have no adequate remedy at law or in equity.

24. This Court has jurisdiction to issue the requested declaration in that the plaintiff and counterclaim-defendant is a citizen of the State of New Jersey and the defendants and counterclaim-plaintiffs are citizens of either the States of Virginia or New York, so that there is complete diversity of citizenship among the parties and more than $75,000 is at issue in this dispute. In addition, the dispute raised in the Counterclaims arises from the same facts and circumstances as the claims alleged in the complaint so that this Court also has supplemental jurisdiction over the Counterclaims.

WHEREFORE, defendants demand Judgment in their favor:

1. That plaintiff take nothing by the Complaint and it be dismissed in its entirety and defendants awarded judgment on it;

2. On the First Counterclaim, damages suffered as a result of plaintiff's breach of contract in an amount to be determined at trial, but far in excess of $75,000.00;

3. On the Second Counterclaim, a judgment declaring that: (a) plaintiff is in material breach of the Contract upon which it sues; (b) said Contract is terminated; (c) plaintiff has forfeited all monies paid under the Contract, as amended, and has no rights thereunder, including the requested lien on the real property; (d) prohibiting plaintiff and its agents and/or representatives from entering onto the real property which is the subject of the Contract; (e) returning all engineering studies and other documents which have not been previously returned under the terms and conditions of the Contract.

4. On the Third Counterclaim, that plaintiff be specifically required to perform all of its obligations under the Contract, as amended, and make full payment to defendants of the balance of all purchase money due under the Contract, as amended, in exchange for a deed for the property; and,

5. Costs and disbursements, and such other and further relief as to this Court may seem just and proper.

Dated: White Plains, New York
       January 9, 2009

                                           Yours etc.,
                                           BLEAKLEY PLATT & SCHMIDT, LLP

By:   William H. Mulligan, Jr. (WM-2945)
      *Attorneys for Defendants*
      One North Lexington Avenue
      White Plains, New York 10601
      (914) 949-2700