UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BCM DEVELOPMENT, LLC,

        Plaintiff,

    v.

PETER OPRANDY, as trustee of THE OPRANDY TRUST, and THE OPRANDY TRUST,

        Defendants.

ECF CASE

Index No. 08 Civ. 9050 (CS)

**ANSWER TO COUNTERCLAIM**

---

    Plaintiff, BCM DEVELOPMENT, LLC, by and through its attorneys, The Epstein Law Firm, P.A., repeats and reallages each and every allegation set forth in its Complaint heretofore filed, and answers defendants' counterclaim as follows:

### FIRST COUNTERCLAIM

    1.    Admit.

    2.    Admit.

    3.    Admit.

    4.    Admit.

    5.    Deny.

    6.    Admit.

    7.    Deny.

    8.    Admit only that a letter was sent. The word "confirmed" used by defendants is inappropriate and vague and plaintiff leaves defendants to their proofs.

9. Admit only that a letter was sent. The word "confirming" used by defendants is inappropriate and vague and plaintiff leaves defendants to their proofs.

10. Admit only that no representative of plaintiff appeared for the closing on September 15, 2008 as previously understood and agreed. Further admit that plaintiff received a letter on September 19, 2008, wherein defendants advised counsel that defendants considered plaintiff to be in default on the contract.

11. Deny.

WHEREFORE, plaintiff demands that the court dismiss Count One of the Counterclaim in this action.

## SECOND COUNTERCLAIM

12. Plaintiff repeats and realleges the answers set forth above.

13. Deny.

14. Deny.

15. Deny.

16. Deny.

WHEREFORE, plaintiff demands that the court dismiss Count Two of the Counterclaim in this action.

## THIRD COUNTERCLAIM

17. Plaintiff repeats and realleges the answers set forth above.

18. Deny.

19. Deny.

20. Deny.

21. Deny

22. Deny.

23. Deny.

24. Admit.

WHEREFORE, plaintiff demands that the court dismiss Count Three of the Counterclaim in this action.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants have failed to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Defendants' claims are barred by the doctrine of estoppel.

### THIRD DEFENSE

Defendants' claims are barred by the doctrine of waiver.

### FOURTH DEFENSE

Defendants come to this court with unclean hands.

### FIFTH DEFENSE

Defendants were not ready, willing, and able to deliver a

marketable and insurable title as required by the contract and otherwise breached said contract because defendants wrongfully refused to give plaintiff certain credits against the purchase price to which plaintiff was entitled.

### SIXTH DEFENSE

Defendants' failure to recognize the credits to the purchase price represents a material breach of contract.

### SEVENTH DEFENSE

Defendants, in retaining the credits owed to plaintiff, have been unjustly enriched.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants have failed to plead its claims with sufficient particularity.

### NINTH AFFIRMATIVE DEFENSE

Defendants are in material breach of contract as the title search has revealed deceptions with respect to easements, which preclude defendants from conveying insurable and marketable title as required by the contract.

### TENTH AFFIRMATIVE DEFENSE

Defendants have failed to mitigate their damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants may not recover against plaintiff because of their own breach of contract.

**TWELFTH AFFIRMATIVE DEFENSE**

Specific Performance is not available to Defendants

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demands trial by jury on all of the above issues.

**DESIGNATION OF TRIAL COUNSEL**

Domenica D. Hart, Esq., is hereby designated as trial counsel.

                                        **THE EPSTEIN LAW FIRM, P.A.**

                                        By: _____
                                        DOMENICA D. HART
                                        *Attorney for Plaintiff*
                                        340 West Passaic Street
                                        Rochelle Park, NJ 07601
                                        (201)845-5962

Dated: January 20, 2009