# BLEAKLEY PLATT

**BLEAKLEY PLATT & SCHMIDT, LLP**

NEW YORK    CONNECTICUT
WILLIAM H. MULLIGAN, JR.
914.287.6131
WMULLIGAN@BPSLAW.COM

ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601
914.949.2700
FAX: 914.683.6956
BPSLAW.COM

*USDC SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #:*
*DATE FILED: 5/17/11*

May 16, 2011

**VIA HAND DELIVERY**

MEMO ENDORSE

Hon. Cathy Seibel
United States Courthouse
300 Quarropas St., Room 218
White Plains, NY 10601-4150

Re: BCM Development, LLC v. Oprandy
Index No. 08 Civ. 9050 (CS)

Dear Judge Seibel:

We are the attorneys for Peter Oprandy, as trustee of the Oprandy Trust, and the Oprandy Trust (collectively hereinafter referred to as "Oprandy"), the Defendants in the above referenced matter. Pursuant to the procedures under your Individual Practices, I submit this letter in order to request a pre-motion conference.

## The Basis for the Anticipated Motion

Oprandy anticipates bringing a motion under the terms of Paragraph 5 of that certain Stipulation and Order of Discontinuance ("Stipulation" ) which was entered into "without prejudice" between the parties, "So Ordered" by Your Honor on March 31, 2009, and filed and entered with the Clerk of the Court on April 1, 2009 (Exh. A, attached hereto). In essence, Oprandy presently seeks the entry of a judgment "with prejudice" as outlined and agreed upon in the Stipulation, for the following reasons.

As the Stipulation recites, the underlying action was instituted by Plaintiff BCM Development, LLC ("BCM") seeking damages purportedly arising from a contract entered into with Oprandy for the purchase and sale of real property. The Stipulation set forth the terms of an amicable resolution of the case by, among other things, extending the originally scheduled closing date under the contract, September 15, 2008. The extensions were granted in return for a series of scheduled payments to be made by BCM to Oprandy through as late as March 31, 2010.

By mutual written consent of the parties, a separate Amendment to the Stipulation was executed, dated April 19, 2010, which specifically recognized and confirmed the terms of the Stipulation. Additional extensions were bargained for which ultimately set September 30, 2010 as the outside "time of the essence" final closing date.

Hon. Cathy Seibel
May 16, 2011
Page 2

Again, by mutual written consent of the parties, a Second Amendment was executed on September 30, 2010, which also specifically recognized and confirmed the terms of the Stipulation. Under its terms, additional extensions were granted which ultimately set September 30, 2011 as the final outside "time of the essence" closing date. (Exh. B, attached hereto). BCM, as it had agreed, has paid all monthly extensions through February 2011, but has now expressly defaulted under the terms of the Stipulation, as amended, which provides Oprandy with the basis for invoking the entry of a Judgment by this Court under paragraph 5 thereof, dismissing the underlying action "with prejudice." Further, BCM would be enjoined from bringing any further action arising from the contract and be deemed to have waived all claims arising from the contract.

Under paragraph 9 of the Stipulation, the Court has maintained jurisdiction of this action for the purpose of enforcing the Stipulation and, accordingly, we submit this letter in accordance with the Court's Individual Practices.

Very truly yours,

William H. Mulligan, Jr.

WHM:crf
Encs.

cc:    Barry D. Epstein, Esq. *(via electronic mail)*

Pre-motion conference to be *held on* June 3, 2011 11:00 AM

Opposing counsel to state position (by letter not to exceed 3 pages) in writing one week in advance.

So ordered.

Cathy Seibel, U.S.D.J.

Dated: 5/16/11

# EXHIBIT A

Case 7:08-cv-09050-CS   Document 10   Filed 04/01/2009   Page 1 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X

BCM DEVELOPMENT, LLC,

                              Plaintiff,

    - against -

PETER OPRANDY as trustee of THE OPRANDY TRUST,
and THE OPRANDY TRUST,

                            Defendants.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X

**ECF CASE**

**Index No. 08 Civ. 9050 (CS)**

**STIPULATION AND ORDER
OF DISCONTINUANCE**

WHEREAS, Plaintiff BCM Development, LLC (hereinafter, the "Company"), which has asserted that it was and still is a limited liability company doing and transacting business in the States of New York and New Jersey), has instituted an Action (the "Action") against defendants Peter Oprandy, as Trustee of The Oprandy Trust, and The Oprandy Trust, (hereinafter, the "Trust"), seeking, among other things, damages and other forms of relief arising from the execution of a certain contract dated October 16, 2001 (hereinafter, the "Contract") for the purchase and sale of land as described in the Complaint, and various claims relating to certain "extension fees" referenced in certain amendments to said Contract, as more specifically set forth in the First and Second Claims For Relief in the Complaint; and,

WHEREAS, the Trust has appeared through counsel and answered the Complaint by which it has denied all material allegations and asserted its own Counterclaims against the Company, which has filed an Answer to said Counterclaims; and,

WHEREAS, the parties are desirous of settling all claims against each other on an amicable basis and without further commitments of time and the expenditure of funds necessary to resolve their disputes through further litigation;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between

the Company and its attorneys, The Epstein Law Firm, by Barry D. Epstein, Esq., and the Trust, by

its attorneys, Bleakley Platt & Schmidt LLP, that the above-captioned Action is and shall be

discontinued without prejudice and without costs, upon the execution of this Stipulation upon the

following terms:

1.      That certain Contract (attached to the Complaint as **Exhibit A**), and Rider thereto

(attached to the Complaint as **Exhibit J**), as mutually amended by the parties beginning on or about

June 20, 2003 and continuously through the period ending September 30, 2008 (as set forth in

**Exhibits B** through **I** attached to the Complaint) will be honored in all respects, except as

specifically clarified, amended and modified herein.

2.      In order to put to rest any remaining controversies between the parties relating to the

issue of "extension fees" as set forth in the First and Second Claims For Relief set forth in the

Complaint, Paragraph 9 (d) of the Rider is amended to the extent that the annual principal payments

of the purchase money mortgage referenced therein will be increased from $300,000.00 to

$345,000.00 (plus interest) payable on the first, second, and third year anniversary dates of the

Closing. The payment on the fourth year anniversary date shall remain at $300,000.00 (plus

interest).

3.      Further in order to put to rest any remaining controversies between the parties

relating to the issue of "extension fees" as set forth in the First and Second Claims For Relief set

forth in the Complaint, the previously agreed upon final closing date of September 15, 2008 will be

extended as set forth herein:

2

(a)    The Company agrees to pay the Trust sum of $14,800.00 no later than April 1, 2009 in order to extend the Closing until June 30, 2009; $12,500.00 of that amount shall be deemed to be on account of the purchase price and $2,300.00 shall **be** in addition to the purchase price;

(b)    The Company agrees to pay the Trust sum of $14,800.00 no later than July 1, 2009 in order to extend the Closing until September 30, 2009; $12,500.00 of that amount shall be deemed to be on account of the purchase price and $2,300.00 shall be deemed in addition to the purchase price;

(c)    The Company agrees to pay the Trust sum of $14,800.00 no later than October 1, 2009 in order to extend the Closing until December 30, 2009; the entire amount paid shall be deemed in addition to the purchase price and shall not be considered as a credit to the purchase price credit; and

(d)    The Company agrees to pay the Trust sum of $15,000.00 no later than December 31, 2009 in order to extend the Closing until March 31, 2010; the entire amount paid shall be deemed in addition to the purchase price and shall not be considered as a credit to the purchase price credit.

4.    The Trust or "Seller" hereby consents pursuant to Paragraph 26 of the original Contract, that it will not withhold giving to the Company the right to assign the "Premises" as described in the Contract, Rider and all amendments thereto, including the right to assign the purchase money mortgage included in the "Purchase Price" to Pumpkin Hill Associates, LLC, so long as the Trust is reasonably assured that the assignee has sufficient experience in the development of real estate and Joseph Millstein represents that he is a principal thereof, provided that (a) within fifteen days after any agreement to assign is executed, the Trust is advised of the assignment and a copy of the written assignment is delivered to the attorneys for the Trust, (b) all

3

terms of the Contract, Rider, and any amendments thereto, as modified by this Stipulation, shall remain in full force and effect, and in no way be effected by such assignment, (c) the Company shall continue to remain fully liable under the aforesaid instruments, (d) any assignee shall assume all of the obligations and liabilities thereunder from and after the effective date of such assignment with the same liability as if such assignee had signed the Contract, Rider and all amendments thereto as of their respective dates.

5.     In the event of the Company's failure to make any of the payments due as agreed upon under any of the provisions or subsections under paragraphs 2 or 3 above, or any of the provisions of this Stipulation, or to make all required payments at any scheduled Closing, after written notice requiring cure of such default within seven (7) days of the date thereof sent to the Company's attorneys by the Trust's attorneys, the entire Contract and this Stipulation shall be deemed to be in default by the Company and the parties agree that this Court may enter Judgment dismissing this Action with prejudice upon presentation by the attorneys for the Trust.  In such event, the Company agrees that it is barred and enjoined from prosecuting any further claims against the respective defendants in any jurisdiction arising prior to the date of this Stipulation, and has thereby waived any and all claims asserted in the Complaint or embraced within the scope of the Complaint, or which might have been asserted by reason of any matter referenced in the Complaint or arising in the Complaint.  The Company further agrees that it has waived any and all claims for the refund of any amounts previously paid to the Trust under the terms of Contract and Rider as amended or under this Stipulation, and agrees to return all engineering studies and other documents which have not been previously returned under the terms and conditions of the Contract.

The Trust shall retain all monies previously paid as liquidated damages and releases any and all claims in its Counterclaims, as well as any other claims it could have brought against the Company.

4

6.       Any and all liens which have been placed upon the property described in the Contract and which forms the basis for the transaction sued upon in the Complaint will be discharged upon the signing of this Stipulation.

7.       This Stipulation may be executed in counterparts, each of which shall constitute a duplicate original thereof.

8.       The parties represent that the signatories hereto have the full authority to bind the parties to this Action and fully understand and agree to all of the terms and conditions set forth herein.

9.       This Court shall maintain jurisdiction of this Action solely for the purpose of enforcing this Stipulation to the extent necessary.

Dated:  White Plains, New York
        March **2** 2009

BLEAKLEY PLATT & SCHMIDT, LLP

By: _William H. Mulligan, Jr._
        William H. Mulligan, Jr.
        *Attorneys for Defendants*
        One North Lexington Avenue
        White Plains, New York 10601
        (914) 949-2700

PETER OPRANDY, AS TRUSTEE OF THE OPRANDY TRUST

By _____
        Peter Oprandy

THE EPSTEIN LAW FIRM, P.A.

By: _____
        Barry D. Epstein
        *Attorneys for Plaintiff*
        340 West Passaic Street
        Rochelle Park, New Jersey 07762
        (201) 845-5962

BCM DEVELOPMENT, LLC

By: _____
        Joseph Millstein

SO ORDERED

_____
Hon. Cathy Seibel
United States District Judge

5

6.    Any and all liens which have been placed upon the property described in the

Contract and which forms the basis for the transaction sued upon in the Complaint will be

discharged upon the signing of this Stipulation.

7.    This Stipulation may be executed in counterparts, each of which shall constitute a

duplicate original thereof.

8.    The parties represent that the signatories hereto have the full authority to bind the

parties to this Action and fully understand and agree to all of the terms and conditions set forth

herein.

9.    This Court shall maintain jurisdiction of this Action solely for the purpose of

enforcing this Stipulation to the extent necessary.

Dated:  White Plains, New York
        March   , 2009

BLEAKLEY PLATT & SCHMIDT, LLP                    THE EPSTEIN LAW FIRM, P.A.

By:_____                By:_____
        William H. Mulligan, Jr.                        Barry D. Epstein
        *Attorneys for Defendants*                      *Attorneys for Plaintiff*
        One North Lexington Avenue                      340 West Passaic Street
        White Plains, New York 10601                    Rochelle Park, New Jersey 07762
        (914) 949-2700                                  (201) 845-5962

PETER OPRANDY, AS TRUSTEE OF THE OPRANDY        BCM DEVELOPMENT, LLC
TRUST

By: _____               By:_____
        Peter Oprandy                                   Joseph Millstein


                                                SO ORDERED

                                                _____
DATED · 3/31/09                                 Hon. Cathy Seibel
                                                United States District Judge


                                        5

# EXHIBIT B

## AMENDMENT TO STIPULATION AND ORDER OF DISCONTINUANCE
## (BCM DEVELOPMENT V. OPRANDY 08CIV9050 CS)
## AND CONTRACT (INCLUDING AMENDMENTS)
## FOR SALE OF REAL ESTATE

WHEREAS the undersigned have previously entered into a contract for sale of certain real property together with various amendments thereto; and

WHEREAS as a result of certain litigation between the undersigned parties a Stipulation of Settlement/Court Order referenced above was entered into; and

WHEREAS the parties mutually wish to further amend the above;

IT IS on this 19th day of April, 2010 further agreed as follows:

1. Unless sooner closed, and without further notice, the Closing of Title shall take place on September 30, 2010 at 2:00 p.m., it being expressly understood that "time is of the essence." Said closing is to take place at the Law Office of Luke M. Charde, Jr. attorney for the seller. Said Closing of Title shall not be extended for any reason absent a delay caused by the seller. Failure by buyer to close shall be a default of contract. In the event of such default by the buyer, all of the remedies set forth in paragraph five (5) of the above stipulation and order of discontinuance and all other provisions of the aforesaid stipulation shall be in full force and effect. Seller's inability to obtain necessary approvals to file a map or to obtain any other necessary approvals shall not be used as a claim to extend the closing date beyond September 30, 2010. In the event the closing occurs before the map is filed the mortgage to be given by purchaser shall provide for the release of ten lots from the lien of the mortgage upon the filing of the map.

2.    BCM shall be entitled to six (6) one month extensions and pay to the seller the sum of five thousand ($5,000.00) per month for each such extension, which payment shall be deemed in addition to the previously agreed upon purchase price as amended.

BCM shall be entitled to make each monthly extension payment by the last day of the month and such payment is deemed to be paid for the preceding month. By way of example, BCM may pay five thousand dollars ($5,000.00) on or before April 30, 2010 for an extension through that month, which is considered the payment for April 2010. Furthermore, in the event that BCM is ready, willing, and able to close title prior to September 1, 2010, no payment shall be due for that month. If, however, the closing does not take place prior to September 1, then BCM shall be obligated to pay the entire $5,000.00 monthly extension fee;

3.    BCM further acknowledges that the title report heretofore obtained is satisfactory and acceptable as to marketable title and insurability in all respects and only changes in the state of the title occurring after the title report referenced above, indicated by an updated report will be raised as title issues. If such an issue is raised, it will be the seller's obligation to correct or cure each such change which affects marketability or title insurability.

BCM DEVELOPMENT, LLC

BY: _____
       JOSEPH MILLSTEIN, Principal


PETER OPRANDY, AS TRUSTEE
OF THE OPRANDY TRUST

BY: _____
       PETER OPRANDY

REAL_ESTATE\FILE\Oprandy-Amendment-2010.doc

05/05/2011   03:59   8459863750                                   PAGE   04

05/22/2010   14:44   20109505373                THE EPSTEIN LAW FIRM          PAGE   02/03
                                                LUKE OHARDE                   PAGE   02
09/22/2010   02:18   84596   56

## SECOND AMENDMENT TO STIPULATION
## AND ORDER OF DISCONTINUANCE
## (BCM DEVELOPMENT V. OPRANDY 08CIV9050 CS)
## AND CONTRACT (INCLUDING AMENDMENTS)
## FOR SALE OF REAL ESTATE

WHEREAS the undersigned have previously entered into a contract for sale of certain real property together with various amendments thereto; and

WHEREAS as a result of certain litigation between the undersigned parties a Stipulation of Settlement/Court Order referenced above was entered into; and

WHEREAS the undersigned parties entered into a first Amendment to the Stipulation referenced above dated the 19th day of April 2010; and

WHEREAS the parties mutually wish to further amend the above; it is on this 30th day of September 2010 further agreed as follows:

1. Except as specifically amended herein, the terms of the Stipulation and Order of Discontinuance referenced above and the first Amendment to the Stipulation and Order of Discontinuance dated April 19, 2010, shall remain in full force and effect.

2. BCM shall be entitled to twelve (12) one-month extensions and shall pay the Seller for each such extension the sums of money set forth immediately below, which payments shall be deemed in addition to the previously-agreed upon purchase price as amended.

The monthly extension payments shall be due on the first of each month and they shall be in the amount of $6,500.00, each month, for the months of October, November and December 2010; in the amount of $7,500.00, each month, for the months of January, February and March 2011; in the amount of $8,500.00, each month, for the months of

09/22/2010  14:44   20184555973                          THE EPSTEIN LAW FIRM        PAGE   03/03
09/22/2010  02:18   9459863758                          LUKE CHARDE                 PAGE   03

April, May and June 2011; and in the amount of $9,500.00, each month, for the months of July, August and September 2011.

3.  Closing of title shall take place on September 30, 2011 at 2:00 p.m., it being expressly understood that "TIME IS OF THE ESSENCE". Said closing is to take place at the law office of Luke M. Charde, Jr., attorney for the Seller.

4.  Purchaser may elect to close sooner than September 30, 2011 and shall give Seller's attorney at least twenty-one (21) days notice of the proposed closing date. Monthly extension payments shall be earned as of the first day of the month and shall not be prorated for a closing occurring in the middle of the month.

IN WITNESS WHEREOF, the parties hereto have signed their names this 30th day of September 2010.

BCM DEVELOPMENT, LLC

BY: _____
JOSEPH MILLSTEIN, Principal

PETER OPRANDY, AS TRUSTEE
OF THE OPRANDY TRUST

BY: _____
PETER OPRANDY