# The Epstein Law Firm
A Professional Association
340 West Passaic Street
Rochelle Park, New Jersey 07662
http://www.theepsteinlawfirm.com

Barry D. Epstein *
Michael J. Epstein * ◊
April M. Gilmore ◊
Shannon Carroll
James L. Fant ◊

\* Certified by the Supreme Court of New Jersey
   as a Civil Trial Attorney
◊ Also Admitted in New York

Telephone: (201) 845-5962
Fax: (201) 845-5973



June 28, 2011

**Via Fax (914)390-4278**

Honorable Cathy Seibel
United States District Court
Southern District of New York
Federal Building & United States Courthouse
300 Quarropas Street, Room 218
White Plains, NY  10601-4150

      ***Re:  BCM Development, LLC v. Peter Oprandy, et al.***
           ***Civil Action No: 08 cv 9050 (CS)***

Dear Judge Seibel:

      This office represents BCM Development, which was the plaintiff in the above-captioned matter which resolved by way of a Stipulation of Settlement dated March 27, 2009, a copy of which was forwarded to you by defendant's counsel, William H. Mulligan, Jr. This letter is being submitted to Your Honor pursuant to the electronic mail message generated by the Court System in connection with a pre-motion conference which you have scheduled for July 15, 2011, at 11:30 a.m.  <u>If possible and with consent of opposing counsel, I am requesting the conference be held at 9:00 a.m. because of personal plans already made on that date.</u>

      Preliminarily, it is acknowledged that subsequent to the original Stipulation, there was an amendment to the same on April 19, 2010 and a second amendment, both of which have been sent to you by Mr. Mulligan. Noteworthy, BCM complied with all of the terms and provisions of the Stipulation and the two amendments through February 2011, however, it is our position that BCM has not defaulted, thus entitling the defendant to the entry of a judgment to dismiss the underlying action with prejudice.  Although this

**THE EPSTEIN LAW FIRM, P.A.**                                              **Page 2**

---

Court does have jurisdiction for the purpose of enforcing the Stipulation, the issue of whether there has been a material breach by BCM subsequent thereto pertains not only to amendments to the Stipulation, but to the underlying contract in question, which it is submitted invoke issues that are somewhat beyond the Stipulation itself.

The Court should be aware that BCM has paid in excess of $500,000 to the defendant, aside from expending an additional $1,200,000 on account of this project, for a total of approximately $1,700,000 for approvals. However, various unanticipated issues have arisen over the years which have necessitated that both parties act in good faith with respect to the completion of the contract. BCM has continued to express its willingness to make further extension payments so that this matter could ultimately proceed to a closing of title so as to avoid a forfeiture, however, the defendant has not acted consistent with its obligations regarding the implied covenant of good faith, whereby the purchaser (BCM) simply sought a restructuring of certain provisions of the contract which would not have affected the total price. The defendant, The Oprandy Trust, has refused to even discuss this, which is not only a breach of the implied covenant of good faith, but further constitutes unreasonable conduct on its part. When this issue first arose, this office advised the defendant's real estate attorney, in writing, on April 4, 2011 of a mechanism in order to resolve the impasse. In violation of its obligations, the defendant refused and failed to even discuss a consummation of the agreement, which was in the best interests of all parties and thus avoid a default. For Your Honor's assistance, enclosed is a copy of our letter dated April 4, 2011 to that effect. We also set forth proposals on April 27, 2011 to maintain the viability of this contract. It is, therefore, our position that BCM has taken the appropriate steps to maintain the viability of this contract so that a closing of title can ultimately take place. In short, given the extraordinary circumstances which have affected the residential real estate market, some portions of the contract need adjustment. It is a matter of common knowledge that this market is virtually at an all time low.

The basic law in a situation such as this is that a declaration of default is a last resort and this Court has the equitable powers to avoid an unnecessary forfeiture. We will be prepared to discuss this matter further with you on July 15, 2011. Perhaps this is an appropriate matter for the Court to require mediation or binding arbitration.

Our prior proposals are preferable to a factual hearing to determine the rights of the parties.

**THE EPSTEIN LAW FIRM, P.A.**                                          **Page 3**

---

Thank you for your kind attention.

Respectfully yours,


BARRY D. EPSTEIN
bdepstein@theepsteinlawfirm.com

BDE/rm
cc: William H. Mulligan, Jr., Esq. (via email & 914.683.6956)