UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BCM DEVELOPMENT, LLC,

                                Plaintiff,

- against -

PETER OPRANDY as trustee of THE OPRANDY
TRUST, and THE OPRANDY TRUST,

                                Defendants.
----------------------------------------------------------X

**ECF CASE**

**Index No. 08 Civ. 9050 (CS)**

**REPLY AFFIRMATION**

      William H. Mulligan, Jr. duly affirms and says under the penalties of perjury:

      1.     I am a member of the firm of Bleakley Platt & Schmidt, LLP, attorneys for the defendants herein. I am a member of the bar of the State of New York duly admitted to practice law in the Courts of the State New York and this District since July 1975. I submit this affirmation based upon my own personal knowledge and information provided by my client, defendant Peter Oprandy, as trustee of The Oprandy Trust. The Oprandy Trust is also a defendant (collectively hereinafter referred to as "Oprandy"). This affirmation is submitted in reply to the opposition of plaintiff, BCM Development, LLC ("BCM") to Oprandy's motion for an Order directing the entry of a Judgment dismissing this action "with prejudice" on the basis of the facts set forth not only in my pre-motion letter to the Court dated May 16, 2011, but all documentation set forth in the motion itself as exhibits to my supporting Affirmation dated August 25, 2011 (hereinafter, "Mulligan Aff.").

      2.     I note Mr. Millstein's caustic comment in his opposition affidavit (at ¶ 3) that "the facts before this Court have been received from counsel for the defendants, as opposed to the defendants themselves" somehow suggesting his affidavit "based upon personal knowledge"

merits superior consideration. Mr. Millstein ignores the obvious. This motion presents a purely legal argument -- plaintiff is in default under the terms of a Federal Court Stipulation and Order- and its action has been discontinued -- for the time being, "without prejudice." Defendants, having made the required presentation of the facts sufficient to show the default, merely request the virtually ministerial act of having this Court "enter Judgment dismissing this Action with prejudice . . ." (See, Mulligan Aff., Stipulation and Order, ¶ 5, a copy of which was attached as Exh. "A."). Pursuant to the Court's direction at the last conference held on August 19, 2011, counsel for the Trust presented a proposed Judgment which was attached as Exhibit "H" to my Affirmation of August 25, 2011. There was simply no reason to present an affidavit from Mr. Oprandy at that time based upon all the obvious circumstances and the state of the record before the Court. One need look no further than the wording in paragraph 5 of the original Stipulation and paragraph 1 of each of the Amendments thereto (Mulligan Aff., Exhs. "B" and "C") to decipher that the moving papers are hardly "devoid of sufficient facts and legal authority" to support the motion:

> Said Closing of Title shall not be extended for any reason absent a delay caused by the seller. Failure by buyer to close shall be a default of contract. In the event of such default by the buyer, all of the remedies set forth in paragraph five (5) of the above stipulation and order of discontinuance and all other provisions of the aforesaid stipulation shall be in full force and effect.

3. In reality, plaintiff's opposition is a not so thinly veiled attempt to divert the Court's attention from the simple fact that BCM has defaulted on the terms of the original So Ordered Stipulation and Order which was filed and entered with the Clerk of the Court on April 1, 2009. Plaintiff is now trying to offer a smokescreen in order to avoid the reality that it not only

defaulted on the terms of the original Contract for the purchase and sale of real property which is the focal point of this litigation, but also on its opportunities to cure the original default by failing to make the required extension payment set forth in the amendments. There were no "mistakes" made in the original Contract, the original Stipulation, or the fully and fairly negotiated amendments thereto, which are the only documents which are germane to this motion. This case must now be dismissed with prejudice and all attendant consequences.

4. In essence, plaintiff is requesting this Court to "rule in an equitable and practical manner, taking into account what is happening in our country today." Such a request is misdirected. Defendants merely seek to enforce its rights under the Stipulation which the parties and this Court have executed. Defendants have acted at all times in the utmost good faith by granting plaintiff numerous extensions in order that it could put itself in a position to satisfy the original Contract terms. Plaintiff's game plan is obvious and is explicitly set forth in the words of their own attorneys. They were given the opportunity to cure their default on numerous occasions and failed, yet when notified of the default by Mr. Charde on March 14, 2011, its response was a demand to "restructure" or "submit to binding arbitration." (See Mulligan Aff., Exhs. "D" and "E") Such a response was and is rejected.

5. As a last resort, plaintiff now seeks the wholly unwarranted and unavailable intervention by this Court. The request must be rejected as must the plea for a "factual hearing to determine the rights of the parties." Those rights have been clearly set forth in the numerous agreements previously executed by the parties and/or their respective counsel, as well as the Stipulation and Order of Discontinuance" So Ordered by this Court on March 31, 2009, all of

which have been set forth in my prior Affirmation. I also respectfully refer the Court to the accompanying reply affidavit of Mr. Peter Oprandy which addresses some of the issues referenced by Mr. Millstein in his opposition, as well as Defendants' Reply Memorandum of Law.

Dated: White Plains, New York
       September 30, 2011

                                      BLEAKLEY PLATT & SCHMIDT, LLP

By:    William H. Mulligan, Jr. (WM-2945)
       *Attorneys for Defendants*
       One North Lexington Avenue
       White Plains, New York 10601
       (914) 949-2700